```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

```
SANDRA RYAN PARENT, et al.,        )
                                   )
      Plaintiffs,                  )
                                   )
v.                                 )        No. 06-2612 Ml/P
                                   )
TENNESSEE CEMETERIES, INC.         )
et al.,                            )
                                   )
      Defendants.                  )
                                   )
```
_____

```
WILLIAM LaPRADD, et al.,           )
                                   )
      Plaintiffs,                  )
                                   )
v.                                 )        No. 06-2617 Ml/P
                                   )
TENNESSEE CEMETERIES, INC.         )
et al.,                            )
                                   )
      Defendants.                  )
                                   )
```
_____

```
DONALD R. FOSHEE, et al.,          )
                                   )
      Plaintiffs,                  )
                                   )
v.                                 )        No. 06-2619 Ml/P
                                   )
FOREST HILL FUNERAL HOME and       )
MEMORIAL PARK-EAST, LLC,           )
et al.,                            )
                                   )
      Defendants.                  )
                                   )
```

---

**ORDER FOLLOWING TELEPHONE CONFERENCE;**
**ORDER CONSOLIDATING CASES FOR PRETRIAL DISCOVERY PURPOSES ONLY;**
**AND**
**ORDER REFERRING PARENT PLAINTIFFS' MOTION TO APPOINT INTERIM LEAD**
**COUNSEL AND LIAISON COUNSEL AND FOSHEE PLAINTIFFS' MOTION IN**
**SUPPORT OF LEWIS & SMITH, LLC AND FARGARSON & BROOKE AS INTERIM**
**LEAD AND INTERIM LIAISON COUNSEL**

---

A telephone conference was held in this case on February 1, 2007, to discuss the motions to appoint interim counsel, filed December 6, 2006, and January 10, 2007, and for the purpose of ascertaining the status of any other actions, including state court cases, that may address the same facts as asserted in the instant consolidated cases.  The Parent and LaPradd Plaintiffs were represented by B.J. Wade, John D. Richardson, Scott Shepherd, Nathan Zipperian, and William Jeter.  The Foshee Plaintiffs were represented by Bruce D. Brooke, Justice D. Smyth, III, and Bryan P. Winter.  Defendant Community Trust & Investment Co. was represented by Shea Sisk Wellford and Paul Morris.  Defendants Stephen Smith, Clayton Smart, Indian Nation, LLC, and Quest Mineral and Exploration, Inc. were represented by Cannon F. Allen.  Forethought Life Insurance Company and Forethought Federal Savings Bank were represented by Nathan A. Bicks and Jennifer Shorb Hagerman.  Plaintiff Elizabeth Harris, in case number 2:07-cv-02003, was represented by Kevin A. Snider.

First, the Court notes that case number 2:07-cv-02003 was transferred to this Court on January 30, 2007.  At the

conference, the Court ORDERED that that case be consolidated, for pretrial purposes only, with the three cases already consolidated pursuant to this Court's order entered on January 17, 2007.  All parties to that case were represented at the conference and none objected to consolidation for pretrial purposes.

The Court REFERRED the question of appointment of interim lead and liaison counsel to the Magistrate Court for a Report and Recommendation, and respectfully requests the Report and Recommendation to be issued within two (2) weeks of the date of entry of this Order.  Upon appointment of interim lead and liaison counsel, the Parties are ORDERED to schedule a conference under Rule 26(f) of the Federal Rules of Civil Procedure and that such a conference shall take place promptly as soon after the appointment of interim lead and liaison counsel as is feasible, but no later than five (5) days after appointment of said counsel.  The Parties shall submit their initial pretrial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than thirty (30) days after the Rule 26(f) conference.

Nothing in this Order affects the automatic stay in effect in the bankruptcy proceeding in case number 07-80056 in the United States Bankruptcy Court of the Eastern District of Oklahoma.  Other than the actions required by this Order, all other deadlines and response periods in this case are held in

-3-

abeyance pending the ruling of the Bankruptcy Court in case number 07-80056.

IT IS SO ORDERED this 2nd day of February, 2007.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE